J-S37019-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:                PENNSYLVANIA
:
v.                             :
:
:
:
STEFFEN SHAUN ROOKSTOOL        :
:
Appellant                 :        No. 3099 EDA 2022

Appeal from the Judgment of Sentence Entered August 31, 2022
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s):  CP-39-CR-0000741-2020

BEFORE:  BENDER, P.J.E., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:            **FILED JAUNARY 5, 2024**

Steffen Shaun Rookstool ("Rookstool") appeals from the judgment of

sentence imposed after the trial court denied his severance motion and a jury

convicted him of theft by unlawful taking and persons not to possess firearms.[1]

We affirm.

The facts recited by the trial court are as follows:

> The victim, [J.R.][2] resided with her two teenage daughters
> and [Rookstool] . . .. [Rookstool] was her boyfriend, and they had
> been in a relationship for approximately two (2) years.  At some
> point, [Rookstool] moved into her residence.    [J.R.] had
> purchased her first firearm, a Glock 42, .380 caliber, in 2019.  She
> had purchased the firearm for protection for herself and her
> daughters, and kept it in a safe during the day and under her
> mattress at night.  [Rookstool] was aware of the safe, but he was
> not provided with the combination to open the safe.

_____

[1] **See** 18 Pa.C.S.A. §§ 3921(a), 6105(a)(1).

[2] We elect not to state the victim's full name.

In February of 2020, [J.R.] noticed that her firearm was missing from under her mattress. When asked, [Rookstool] denied knowledge of the whereabouts of the firearm. She periodically asked him about the firearm, but [Rookstool] played dumb. He suggested that she misplaced the firearm. Eventually, on February 14, 2020, during a car ride, [Rookstool] admitted that he had taken the firearm and had given it to a "buddy" for drugs. [J.R.] told him to get it back, and [Rookstool] responded[,] "[I]t's not that easy." When [Rookstool] did not call his "buddy" to retrieve the firearm, [J.R.] called the police, and the state police responded to her residence. They interviewed [Rookstool] outside the presence of [J.R.].

One of the troopers who responded was Trooper Peter Hamati-Attieh. Upon his arrival, he spoke with [J.R.] about the stolen firearm. He then spoke to [Rookstool], who initially denied knowledge of what happened to the firearm. During the course of the interview, [Rookstool] changed his story and told the troopers that he did steal the firearm on February 6, 2020, and gave the firearm "to a friend." He then elaborated, explaining that he "traded it in. I went and got drugs with it." He told the troopers he traded it "to a guy named Corey." [Rookstool] did not provide Corey's last name, but provided a location and description where Corey resided.

[Rookstool's] statements led to the residence of Corey Beitler at 2156 North Cedar Crest Boulevard in South Whitehall, where a search warrant was executed. Located inside the residence, in a speaker box on the floor, was the missing firearm. A loaded magazine was found inside [of] the firearm.

Trial Court Opinion, 2/8/23, at 2-3 (footnote and record citations omitted).

On May 25, 2022, Rookstool's trial counsel made an oral motion for severance of the charges of theft by unlawful taking and persons not to possess firearms, and the trial court denied the motion.

A jury convicted Rookstool of the above-listed offenses, and the trial court later imposed an aggregate standard range sentence of thirty to eighty-four months of imprisonment. Trial counsel filed post-sentence motions,

which the trial court denied after a hearing. Rookstool filed a timely notice of appeal and he and the trial court complied with Pa.R.A.P. 1925.

Rookstool raises the following issue for our review:

> Whether the lower court acted properly in denying [Rookstool's] request for severance of the two charges, theft by unlawful taking and possession of a firearm prohibited and allowed the Commonwealth to use one trial to convict [Rookstool] for the two separate charges[?]

Rookstool's Brief at 7 (unnecessary capitalization removed).

Rookstool's issue addresses the court's denial of his severance motion and the potential prejudice from a joint trial for multiple offenses.

A motion for severance is addressed to the sound discretion of the trial court and its decision will not be disturbed absent a manifest abuse of discretion. *Commonwealth v. Melendez-Rodriguez*, 856 A.2d 1278 1282 (Pa. Super. 2004) (*en banc*). An abuse of discretion is not merely an error in judgment but occurs where a court overrides or misapplies the law, an exercise of judgement that is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. *See Commonwealth v. Faison*, 297 A.3d 810, 821 (Pa. Super. 2023).

Pursuant to Pennsylvania Rule of Criminal Procedure 563, two or more offenses may be joined in the same information if:

> (1) the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion; or

> (2) the offenses charged are based on the same act or transaction.

Pa.R.Crim.P. 563(A).

A person commits theft by unlawful taking where he unlawfully takes movable property of another with the intent to deprive him thereof. *See* 18 Pa.C.S.A. § 3921. A person commits persons not to possess firearms where, having committed a prior enumerated offense, he possesses, controls, or sells a firearm. *See* 18 Pa.C.S.A. § 6105(a).

To determine whether each of the offenses would be admissible at a trial for the other, this Court looks to Pa.R.E. 404(b). That rule precludes the admission of other crimes evidence to show that a person had a propensity to commit crime, *see* Pa.R.E. 404(b)(1), but permits the admission of other crimes for other proper purposes. *See Commonwealth v. Lark*, 543 A.2d 491, 497 (Pa. 1988); *Commonwealth v. Cascardo*, 981 A.2d 245, 250 (Pa. Super. 2009). One proper purpose our Courts recognize for the admission of other crimes evidence is to explain the context or complete story of the events surrounding the subject at issue by demonstrating the chain of events that formed the history and natural development of the charge or charges being considered. *See Lark*, 543 A.2d at 497; *Cascardo*, 981 A.2d at 250 (also stating the importance that the events occur close in time and place to the other crime).

Other crimes evidence is admissible only if its probative value exceeds its potential for prejudice, *i.e.*, that jurors might convict the defendant because he has a bad character or a propensity to commit crimes. *See*

*Commonwealth v. Dillon*, 925 A.2d 131, 136-37 (Pa. 2007). Accordingly, this Court assesses whether the other crimes evidence is offered for a proper purpose, the evidence of each would be admissible in a separate trial for the other, the evidence is capable of separation by the jury so there is no danger of confusion, *see* Pa.R.Crim.P. 563(A)(1), and its probative value exceeds its potential for prejudice, *see Dillon*, 925 A.2d at 136. *See also* Pa.R.Crim.P. 583 (stating that a court may sever an offense if it appears a party may be prejudiced by offenses being tried together); *Commonwealth v. Shackleford*, 275 93 A.3d 692, 701 (Pa. Super. 2023) (citation omitted) (stating the prejudice contemplated by Rule 583 is present "if the evidence tended to convict the appellant only by showing his propensity to commit crimes or because the jury was incapable of separating the evidence or could not avoid cumulating the evidence").

Rookstool asserts that the proof of his commission of the firearms charge did not require evidence of how he acquired the gun and evidence that he stole the gun could have caused the jury "to accumulate [sic] that evidence and find him guilty of the firearms offense as a result of that accumulation." Rookstool's Brief at 11-13.

The trial court found that the jury would have had no difficulty separating the evidence, and Rookstool "forged his own linkage of events and he deserve[d] to be tried jointly on them." *See* Trial Court Opinion, 2/8/23, at 5, quoting *Lark*, 543 A.2d at 500.

- 5 -

We hold that the trial court did not abuse its discretion in denying Rookstool's severance motion. Rookstool's theft of J.R.'s gun and his possession of that gun are so closely intertwined in time and place that they form the history of the case and the natural development of the facts. **See** **_Lark_**, 543 A.2d at 497; **_Cascardo_**, 981 A.2d at 250. The offenses of theft and prohibited gun possession and the facts establishing Rookstool's commission of those offenses are simple, and that simplicity defeats any reasonable concern the jury would have been incapable of separating the evidence or would have improperly cumulated the evidence as Rookstool asserts. On this record, there is no reasonable basis to conclude that the jury convicted Rookstool of the firearms offense solely because it heard evidence that he stole J.R.'s gun. Rookstool does not show prejudice requiring severance. No relief is merited.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/5/2024

- 6 -